## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MADELYNNE BOYKIN,

     Plaintiff,

v.

KREYOL ESSENCE INC.,

     Defendant.

CASE NO.: 1:22-CV-02489-MHC

## DEFENDANT KREYOL ESSENCE INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Defendant Kreyol Essence Inc. ("Defendant") respectfully moves to dismiss the Complaint [ECF No. 1] filed by Plaintiff Madelynne Boykin ("Plaintiff") for the reasons stated in the following Memorandum of Law.

## INTRODUCTION

Plaintiff's Complaint constitutes a futile effort to force a round peg into a square hole, and it should be dismissed in its entirety. Plaintiff purports to be a model and "influencer" in Georgia, who posed for modeling shots taken by professional photographer Blake Ballard in 2015. Six years later, Defendant—a Florida-based beauty company dedicated to supporting and uplifting all women—allegedly used Ballard's photograph, which features Plaintiff, in store marketing displays next to

its Haitian Black Castor Oil Scalp Care Shampoo. Tellingly, Plaintiff does not allege that she owns the copyright to the photograph, and she acknowledges that Defendant has already reached an agreement with Ballard related to the photograph pursuant to an agreement to which she is not a party. Nonetheless, Plaintiff claims she is entitled to payment, regardless of copyright ownership.

Based on this false premise, Plaintiff's Complaint purports to assert twelve state-law claims under Georgia and Florida law (Counts Three Through Fourteen) claiming that Plaintiff is entitled to damages for Defendant's alleged use of the photograph at issue but ignores that all of these state-law claims are preempted by federal copyright law and should thus be dismissed, with prejudice. Plaintiff's remaining two claims under the federal Lanham Act (Counts One and Two) also fail as a matter of law because Plaintiff does not adequately plead the requisite elements of false advertising or false endorsement claims. Among other fatal deficiencies, Plaintiff fails to allege that Defendant made any actionable statement of fact that would give rise to a claim for false advertising, nor does she plead facts demonstrating that she has sustained any economic or reputational injury or that Defendant's use of the photograph causes a likelihood of confusion, as required under the Lanham Act. Moreover, even if Plaintiff's state-law claims were not preempted by federal copyright law—which they are—then Counts Four and Seven through Fourteen fail as a matter of law for multiple other reasons.

Accordingly, and as set forth more fully below, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6). Alternatively, and at a minimum, Counts Seven through Fourteen should be stricken pursuant to Rule 12(f).

## SUMMARY OF THE RELEVANT FACTUAL ALLEGATIONS

Defendant is a producer and seller of Haitian beauty products founded by two entrepreneurs with a vision for supporting women and farmers in Haiti. Complaint ¶¶ 17-21, and Exhibit A thereto. Plaintiff, an alleged local model and "influencer" in Georgia, alleges that she posed for modeling shots taken by professional photographer Blake Ballard in 2015. *Id.* ¶ 42. Six years later, Plaintiff claims that Defendant used one of Ballard's photographs featuring Plaintiff (the "Photograph") in displays promoting Defendant's Haitian Black Castor Oil Scalp Care Shampoo (the "Shampoo") at Ulta Beauty, Inc. ("Ulta") stores as part of a "nationwide campaign." *Id.* ¶¶ 1, 39-42. According to the Complaint, the Photograph appears on the shelf at Ulta stores in Smyrna, Georgia and Sanford, Florida next to Defendant's Shampoo. *Id.* ¶¶ 39-41.

Plaintiff does not allege that she owns any rights in or to the Photograph itself, such as copyright, and Plaintiff acknowledges that the professional photographer who took the Photograph, Blake Ballard, has already reached an agreement with

Defendant regarding use of the Photograph. *Id.* ¶¶ 42, 52. Nonetheless, Plaintiff claims she is entitled to payment as well, regardless of copyright.

While Plaintiff alleges in conclusory fashion that Defendant's use of the Photograph will cause her injury, she does not plead any concrete facts as to how she has been, or will be, harmed as a result of Defendant's use of the Photograph. Nor does Plaintiff allege facts as to how Defendant's use of the Photograph would cause consumers to be confused as to the source or identity of the product, or as to the nature or characteristics of the Shampoo. As set forth below, Plaintiff's failure to plead these facts are fatal to her claims, in addition to the other threshold legal bars requiring dismissal of the Complaint.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain facts that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim for entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation omitted). Under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

555; *Rivera v. Capmark Fin., Inc.*, No. 1:12-CV-1097-CAP, 2013 WL 12248217, at

*1 (N.D. Ga. Feb. 28, 2013) (quoting *Twombly*, 550 U.S. at 555–56). Thus, although

the well-pled factual allegations in a complaint are to be accepted as true, "[a]

pleading that offers mere labels and conclusions or a formulaic recitation of the

elements of a cause of action is subject to dismissal." *Hardwick v. Fed. Nat'l Mortg.*

*Ass'n*, No. 1:13-CV-1841-CAP, 2013 WL 12111094, at *1 (N.D. Ga. Oct. 9, 2013);

*Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.").

## ARGUMENT

**I.**    **All of Plaintiff's State-Law Claims (Counts Three Through Fourteen) Should Be Dismissed Because They Are Preempted by Federal Copyright Law**

Counts Three through Fourteen of the Complaint—which assert state-law

claims for misappropriation of likeness, unjust enrichment, civil theft, and

conversion, as well as claims for punitive damages and attorneys' fees—fail as a

matter of law because they are state-law claims preempted by federal copyright law.

The Copyright Act expressly preempts:

[A]ll legal or equitable rights [under state law] that are equivalent to
any of the exclusive rights within the general scope of copyright as
specified by section 106 in works of authorship that are fixed in a
tangible medium of expression and come within the subject matter of
copyright as specified by sections 102 and 103. . . .

17 U.S.C. § 301(a). Thus, "[p]reemption occurs if the rights at issue (1) fall within the subject matter of copyright as set forth in sections 102 and 103 and (2) are equivalent to the exclusive rights of section 106." *Lipscher v. LRP Pub'ns., Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (holding state law claims preempted by Copyright Act). The Copyright Act protects "original works of authorship fixed in any tangible medium of expression," including photographs (17 U.S.C. § 102(a)), and the exclusive rights under the Copyright Act include the right to "reproduce the copyrighted work" and "distribute copies" to the public (17 U.S.C. § 106). Plaintiff's state-law claims clearly meet this standard.

Each of Plaintiff's state-law claims is based on Defendant's alleged use of the Photograph—an original work of authorship fixed in a tangible medium of expression. *See, e.g.*, Complaint ¶¶ 79, 88, 99, 103, 107, 112, 119, 125, 131, 140, 149, 159. This is precisely the subject matter and conduct that is governed by the federal Copyright Act. Indeed, Plaintiff acknowledges in the Complaint that Defendant has reached an agreement regarding the Photograph with the photographer who took the Photograph. *See id.* ¶¶ 42, 51-52 (alleging Defendant "reached an agreement" with "Blake Ballard, the photographer who shot" the Photograph).

Courts in this circuit routinely dismiss state-law claims like those Plaintiff purports to assert here as preempted by federal copyright law. *See, e.g.*, *Somerson v.*

*Vincent K. Mcmahon, Linda E. Mcmahon, & World Wrestling Entm't, Inc.*, 956 F. Supp. 2d 1345, 1352-55 (N.D. Ga. 2012) (dismissing misappropriation of likeness and invasion of privacy claims as preempted by Copyright Act); *RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1295 (N.D. Ga. 2013) ("Plaintiffs' state-law claims for conversion of this property are required to be dismissed" because "[t]his intellectual property, whether actually copyrighted or not, is certainly within the subject matter of copyright" and the claims are thus "preempted by federal copyright law"); *Lipscher*, 266 F.3d at 1311-12 (plaintiff's state-law claims preempted by copyright law); *see also Heat Techs., Inc. v. Papierfabrik Aug. Koehler SE*, No. 1:18-CV-01229-SDG, 2020 WL 12309512, at *4 (N.D. Ga. June 5, 2020) (dismissing unjust enrichment and conversion claims as preempted because plaintiffs cannot "seek[] patent-like protection dressed up as tort claims.").

Because all of Plaintiff's state-law claims are based on Defendant's alleged use of the Photograph, Counts Three through Fourteen are preempted by federal copyright law and should be dismissed, with prejudice.

## II.    Plaintiff's Lanham Act Claims (Counts One and Two) Should Be Dismissed Because Plaintiff Fails to Plead the Elements of Those Claims

### A.    Count One (False Advertising) Should Be Dismissed Because Plaintiff Fails to State a Claim for False Advertising Under the Lanham Act

A false advertising claim under the Lanham Act requires that "1) defendant's advertisements were false or misleading; 2) the advertisements deceived, or had the

capacity to deceive, consumers; 3) the deception had a material effect on purchasing decisions; and 4) plaintiff has been or is likely to be injured as a result of the false advertising." *Unique Sports Prods. v. Wilson Sporting Goods*, 512 F. Supp. 2d 1318, 1326 (N.D. Ga. 2007). Thus, Plaintiff must plead facts "showing that the defendant made false or misleading statements and that the plaintiff was injured." *Webster v. Dean Guitars*, 955 F.3d 1270, 1277 (11th Cir. 2020); *see also Lipscher*, 266 F.3d at 1314.

Though Plaintiff alleges that Defendant's use of the Photograph "perpetuated the false or, at least, misleading representation that Plaintiff used [the Shampoo] to achieve her appearance" and that consumers will mistakenly "believe that they will achieve the texture and appearance of Plaintiff's hair in the . . . Photo by using" the Shampoo, (Complaint ¶¶ 59, 61), the Complaint is devoid of factual allegations that Defendant made any actionable statement of fact—much less that Plaintiff used the Shampoo or that consumers using the Shampoo will achieve the same hair texture and appearance. Nor does Plaintiff allege facts showing she has sustained any injury from the alleged use of the Photograph. Absent such allegations, Plaintiff fails to plead a claim for false advertising under the Lanham Act.

### i.    *Plaintiff Fails to Plead that Defendant Made Any Actionable Statement of Fact*

To be actionable under the Lanham Act, a statement must be "a specific statement of verifiable fact." *XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*,

No. 15CV3015FBCLP, 2017 WL 4326503, at *1 (E.D.N.Y. Sept. 28, 2017) (denying motion for reconsideration of order granting motion to dismiss of false advertising claim). Statements that are "vague, subjective, hyperbolic or aspirational" are not actionable and thus cannot form the basis for a Lanham Act claim. *Id.*; *see also, e.g.*, *Intertape Polymer Corp. v. Inspired Techs., Inc.*, 725 F. Supp. 2d 1319, 1335 (M.D. Fla. 2010) (there can be no false advertising claim when the complained-of "statement is not a specific, measurable claim that can be reasonably interpreted as an objective fact"); *Proeduca Altus, S.A. v. Tech. Trade Grp., Inc.*, No. 21-22639-CIV, 2021 WL 5632397, at *4 (S.D. Fla. Dec. 1, 2021) (statement not actionable under Lanham Act because it does not convey "actual facts" or "quantifiable metrics"); *Cook, Perkiss Liehe v. N.C. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (granting motion to dismiss false advertising claim because "[t]he advertisement does not contain the kind of detailed or specific factual assertions that are necessary to state a false advertising cause of action under the [Lanham] Act.")*; Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 873, 881 (S.D.W. Va. 2014) (granting motion to dismiss false advertising claim because the statements were "broad, vague exaggerations or boasts on which no reasonable consumer would rely.").

Here, Plaintiff fails to allege that Defendant made any specific statement of verifiable fact—much less one that is false. According to the Complaint, the

Photograph is simply displayed next to the Shampoo product label on a store shelf, without any accompanying text or statements at all. Complaint ¶¶ 40-41. Simply displaying the Photograph, without more, does not inherently convey any fact whatsoever. *See Webster*, 955 F.3d at 1277 ("The statements in these videos do not become misleading, nor do they imply that he endorses or benefits from the sale of the DFH reissues, simply because they appear near Dean's advertisements. . . ."). Thus, Plaintiff's false advertising claim fails for this reason alone.

### ii. *Plaintiff Fails to Plead that She Has Suffered Any Injury Resulting From Defendant's Alleged Use of the Photograph*

Additionally, Plaintiff's claim also fails because the Complaint does not plead facts demonstrating that Plaintiff has been harmed by Defendant's alleged use of the Photograph. To survive a motion to dismiss, Plaintiff must allege facts "show[ing] economic or reputational injury flowing directly from the [alleged] deception wrought by the defendant's advertising" as a result of consumers "withhold[ing] trade from the [P]laintiff" due to consumer confusion. *Miller v. Easy Day Studios Pty Ltd.*, No. 20CV02187-LAB-DEB, 2021 WL 4209205, at *9 (S.D. Cal. Sept. 16, 2021) (dismissing false advertising claim for failure to adequately allege injury); *see also Strong Current Enters. Ltd. v. Affiliati Network, Inc.*, No. 20-CV-23692-UU, 2021 WL 1383369, at *4 (S.D. Fla. Jan. 26, 2021) (dismissing false advertising claim because the complaint was "devoid of any factual allegations to establish that the alleged deception . . . had a material effect on consumers' purchasing

decisions."); *Proeduca*, 2021 WL 5632397, at *4 (dismissing false advertising claim because Plaintiffs failed to "allege non-conclusory facts that make deception plausible"); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1348 (11th Cir. 2012) (explaining that the intent of this provision of the Lanham Act is to "prevent[] . . . **diversion**" of sales based on false advertising) (emphasis added); *J. J. Vision Care v. 1-800 Contacts*, 299 F.3d 1242, 1250 (11th Cir. 2002) (false advertising claim requires that "the defendant's deception is likely to influence the purchasing decision.").

The Complaint fails to satisfy this standard. It is devoid of any allegation that consumers are withholding trade from Plaintiff as a result of alleged confusion concerning Defendant's use of the Photograph. In fact, other than a lone conclusory allegation that Defendant's use of the Photograph "has injured and is likely to injure Plaintiff's brand and reputation," (Complaint ¶ 64), Plaintiff has not alleged any facts in support of her false advertising claim indicating that she has been harmed by Defendant's alleged conduct at all. Such conclusory allegations are insufficient to support a claim for false advertising. *See Hardwick*, 2013 WL 12111094, at *1 (N.D. Ga. Oct. 9, 2013) ("A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal."); *Miller*, 2021 WL 4209205, at *9 (general, conclusory allegation that Plaintiff has been injured insufficient to withstand dismissal of false advertising claim); *Strong*

*Current*, 2021 WL 1383369, at *4 (plaintiff must "sufficiently allege each element of its false advertising claims"). Count One should be dismissed for this reason as well.

**B.     Count Two (False Endorsement) Should Be Dismissed Because Plaintiff Fails to Plead Facts Showing the Required "Likelihood of Confusion"**

To assert a false endorsement claim under the Lanham Act, Plaintiff must allege facts showing that Defendant "uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods . . . by another person." 15 U.S.C. § 1125(a)(1)(A); *see also Webster*, 955 F.3d at 1278 ("[A] plaintiff alleging false endorsement of goods must show a likelihood of consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of goods being sold."); *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012) (claims for false endorsement and trademark infringement are treated exactly the same under the Lanham Act). Thus, Plaintiff can only have "a viable cause of action for false endorsement . . . if consumers were likely to believe from [Defendant's] marketing that [Plaintiff] sponsored or approved" the Shampoo. *Webster*, 955 F.3d at 1278.

While the Lanham Act does not require that a plaintiff be a celebrity, "[i]f [a plaintiff] is unknown to the segment of the public at whom [Defendant's] ad was directed, then that segment could not be confused as to whether she was endorsing [Defendant's] product." *Ting Ji v. Bose Corp.*, 538 F. Supp. 2d 349, 351 (D. Mass. 2008) (granting summary judgment to defendant on claim of unknown model whose image was used in advertisements for Bose speakers on the basis that plaintiff had not proven a likelihood of confusion); *see also Albert v. Apex Fitness, Inc.*, No. 97 CIV. 1151 (LAK), 1997 WL 323899, at *1 (S.D.N.Y. June 13, 1997) (dismissing false endorsement claim because plaintiff did not allege facts showing "that he is well known *or* a celebrity") (emphasis added); *Tana v. Dantanna's*, 611 F.3d 767, 777 n.9 (11th Cir. 2010) ("[T]he level of recognition that the plaintiff has among the segment of the society for whom the defendant's product is intended" is relevant "likelihood-of-confusion factor" in false endorsement cases); *Lipscher*, 266 F.3d at 1313 ("[L]ikelihood of confusion [is] an essential element of" Lanham Act claims.").

Here, the Complaint does not plead facts that support a likelihood of confusion. Though Plaintiff alleges that Defendant used the Photograph as part of a "nationwide campaign," (Complaint ¶¶ 1, 25), she does not allege facts indicating that Plaintiff is known by consumers in the United States anywhere other than in the specific city of Atlanta. Rather, Plaintiff resides in Georgia and has allegedly "been

featured" in only local Atlanta magazines. *Id.* ¶ 71.[1] Indeed, Plaintiff alleges she has "22,000 followers on Instagram," which is less than 5% of the population of Atlanta alone.[2] *Id.* And, the Complaint contains no allegation indicating where those followers are located. The facts alleged are not enough for the Court to credibly infer that Plaintiff is recognized personally on a nationwide scale such that American consumers would be confused as to Plaintiff's endorsement of the Shampoo.

Because Plaintiff fails to adequately allege facts demonstrating that Defendant's alleged use of the Photograph is likely to cause confusion, Plaintiff fails to state a claim for false endorsement and Count Two should be dismissed.

---

[1] Plaintiff also alleges that she was featured in an Australian magazine, but Plaintiff does not allege that Defendant has ever used the Photograph in Australia, nor is Australia relevant in any other way to any supposed consumer confusion *in the United States*. Thus, any modeling activity in Australia is irrelevant to Plaintiff's claims in this case which relate exclusively to Defendant's alleged use of the Photograph in the United States.

[2] Pursuant to Federal Rule of Evidence 201, Defendant respectfully requests the Court take judicial notice of the readily available fact that the population of Atlanta according to the United States Census Bureau is 496,461. *See* U.S. Census Bureau, available at: https://www.census.gov/quickfacts/atlantacitygeorgia. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075, n.9 (11th Cir. 2013) (court may take judicial notice on a motion to dismiss).

**III.    To the Extent the Court Does Not Dismiss Plaintiff's State-Law Claims As Preempted by Federal Law, Many Nonetheless Fail For Multiple Other Reasons.**

Even if Plaintiff's state-law claims were not preempted by federal law—which they are—Counts Four and Seven through Fourteen fail as a matter of law for many other reasons, as set forth below.

**A.    Counts Nine Through Fourteen Should Be Dismissed Or Stricken Because Georgia Law—Not Florida Law—Exclusively Governs Any Surviving State-Law Claims**

Counts Nine (Unauthorized Publication of Likeness), Ten (Invasion of Privacy), Eleven (Civil Theft), Twelve (Conversion), Thirteen (Unjust Enrichment), and Fourteen (Punitive Damages) are all claims asserted under Florida state statutes or common law. Because Georgia, not Florida, law governs any surviving state-law claims, those counts should be dismissed or, alternatively, stricken pursuant to Rule 12(f).

In Georgia, choice-of-law issues in tort cases are "governed by the rule of *lex loci delicti,* which requires application of the substantive law of the place where the tort or wrong occurred." *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1329, 1332 (N.D. Ga. 2014); *see also, e.g.*, *BW Orchards, LLC v. Spiech Farms Georgia, LLC*, No. 2:19-CV-00007, 2019 WL 2635541, at *9 (S.D. Ga. June 26,

2019).[3] "The place where the tort was committed, or, the *locus delicti*, "is the place where the injury sustained **was suffered** rather than the place where the act was committed. . . ." *McCarthy*, 994 F. Supp. 2d at 1332 (emphasis added); *Auld v. Forbes*, 848 S.E.2d 876, 879 (Ga. 2020).

In the appropriation of likeness context, when plaintiffs allege that a defendant utilized the plaintiff's likeness in multiple states, then the state where the plaintiff resides is "the state where the injury sustained was suffered" and thus the state law that applies. *Bullard v. MRA Holding, LLC*, 740 S.E.2d 622, 625 (Ga. 2013) (appropriation of likeness claim governed by Georgia law rather than Florida law, even though subject image was recorded in Florida and was distributed nationally); *see also Martin Luther King, Jr., Ctr. For Soc. Change, Inc. v. Am. Heritage Prods., Inc.,* 296 S.E.2d 697 (Ga. 1982) (where plaintiff was domiciled in Georgia, Court applied Georgia law to claims arising from defendant marketing and selling plastic busts bearing Dr. Martin Luther King's likeness across the country).

---

[3] Federal courts apply the choice of law rules of the state in which it sits for state law claims. *See, e.g.*, *Best Canvas Prod. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (explaining that under *Klaxon Co. v. Stentor Electrical Manufacturing Co.*, 313 U.S. 487 (1941), "[a] federal court is obliged to apply the choice of law rule of the state in which it sits."); *CPI Plastics, Inc. v. USX Corp.*, No. CIV.A. 3:95-CV-124-J, 1999 WL 33633079, at *6 (N.D. Ga. Jan. 20, 1999), *aff'd sub nom. CPI Plastics v. USX Corp.*, 212 F.3d 599 (11th Cir. 2000) (federal courts should address pendent state law issues in federal question cases according to the principles set forth in *Klaxon*).

Here, because Plaintiff claims she resides in Georgia, Georgia law applies to Plaintiff's state-law claims. Because Counts Nine through Fourteen purport to assert claims under Florida law only, they should be dismissed, with prejudice, or stricken. *See Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1209 (11th Cir. 2018) (rejecting argument that it is "premature" for district courts to "conduct[] a choice-of-law analysis at the motion to dismiss stage"); *McCarthy*, 994 F. Supp. 2d at 1332 ("The Court will have to determine the substantive law at some point, and it is preferable to do so now than at the summary-judgment stage or at the pretrial conference.").

### B.   Counts Four and Thirteen (Unjust Enrichment) Fail as a Matter of Law

Plaintiff's claims for unjust enrichment independently fail as a matter of law for multiple reasons. First, "[a] claim for unjust enrichment is not a separate tort, but an alternative theory of recovery if a contract claim fails." *Somerson*, 956 F. Supp. 2d at 1357 (dismissing unjust enrichment claim); *Valencia v. Universal City Studios LLC*, No. 1:14-CV-00528-RWS, 2014 WL 7240526, at *5 (N.D. Ga. Dec. 18, 2014) (same). "Because [Plaintiff] asserts unjust enrichment as a separate tort claim and not as an alternative theory of recovery for any failed contract, [Plaintiff's] claim must be dismissed." *Somerson*, 956 F. Supp. 2d at 1357.[4]

---

[4] To the extent Plaintiff attempts to avoid this fatal deficiency by pointing to her allegation that the parties entered into a contract earlier in time, her unjust

Additionally, the unjust enrichment claims also fail because Plaintiff does not allege that no adequate legal remedy exists. "Unjust enrichment is an equitable concept," and "the availability of money damages affords an adequate and complete remedy." *Hix v. Acrisure Holdings, Inc.*, No. 1:21-CV-4541-MLB, 2022 WL 2803633, at *10 (N.D. Ga. July 18, 2022); *Morrell v. Wellstar Health Sys., Inc.*, 633 S.E.2d 68, 73 (Ga. Ct. App. 2006). Thus, "the availability of any claim for money damages excludes a claim for unjust enrichment." *Hix*, 2022 WL 2803633, at *10; *see Mungai v. Chase Bank USA, N.A.*, No. 1:19-CV-00409-AT-RDC, 2020 WL 10225827, at *4 (N.D. Ga. Aug. 4, 2020) ("Unjust enrichment is an equitable principle that applies only when there is no adequate remedy at law."). Here, Plaintiff asserts several claims seeking money damages, making unjust enrichment unavailable. *See, e.g.*, Complaint ¶ 9. Because Plaintiff does not allege the absence of an adequate remedy at law, these claims should be dismissed for that reason as well. *See Hanover Ins. Co. v. Hermosa Const. Grp., LLC*, 57 F. Supp. 3d 1389, 1398 (N.D. Ga. 2014) (dismissing unjust enrichment claim).

Finally, Plaintiff's unjust enrichment claims fail because Plaintiff does not allege that Defendant "induced, accepted, or encouraged [her] to furnish" the

---

enrichment claim still fails because she "cannot claim ***within a single count*** that there was an agreement ***and*** that [the defendant] was unjustly enriched." *Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 1356, 1372 (N.D. Ga. 2006) (emphasis added) (dismissing unjust enrichment claim); *see also, e.g., White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1371-72 (N.D. Ga. 2008).

Photograph, as is required to state a claim for unjust enrichment. *Somerson*, 956 F. Supp. 2d at 1357-58. Rather, the Complaint alleges that Plaintiff "modeled for and posted" the Photograph to her Instagram account of her own accord, ***before*** she even met Defendant. Complaint ¶ 7. Nor does Plaintiff allege that she sent the Photograph directly to Defendant. *Id.* ¶ 46. Absent the requisite allegation that Defendant induced Plaintiff to furnish the Photograph, Plaintiff fails to plead a claim for unjust enrichment. *See Somerson*, 956 F. Supp. 2d at 1357-58; *see also Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (affirming dismissal of unjust enrichment claim under Florida law because Plaintiff conferred merely an indirect benefit).

### C.     Count Eleven (Civil Theft) Fails for Failure to Comply with the Proper Statutory Procedure

Plaintiff's claim for civil theft under Florida Statute § 772.11 should be dismissed for failure to comply with the required procedure of that statute. The Florida remedy for civil theft requires: "Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section." § 772.11(1). Plaintiff does not plead facts to show that she followed this procedure. Though she alleges she sent cease-and-desist letters, the letters were not made "under this section" as required, and in fact make no mention of theft accusations or the applicable Florida statute at all. *See* Complaint ¶ 53 and Exhibits M and N

thereto. Because Plaintiff failed to comply with the straightforward procedure of §

772.11, Count Eleven should be dismissed. *See Phillips v. Consol. Publ'g. Co.*, No.

CV 213-069, 2014 WL 1319357, at *16 (S.D. Ga. Mar. 31, 2014) (dismissing civil

theft claim for failure to comply with proper procedure under Fla. Stat. § 772.11).

**D.      Counts Seven, Eight, and Fourteen Should Be Dismissed or Stricken Because Claims for Punitive Damages and Attorneys' Fees Are Not Stand-Alone Causes of Action**

Counts Seven and Fourteen purport to assert causes of action for punitive

damages under Georgia and Florida law, while Count Eight purports to assert a cause

of action for attorneys' fees under Georgia law. These claims should be dismissed

because Plaintiff has no viable underlying causes of action. "[U]nder Georgia law,

neither an O.C.G.A. § 13-6-11 attorneys' fees claim nor an O.C.G.A. § 51-12-

5.1 punitive damages claim can survive without an award of relief on an underlying

claim." *Heat Techs., Inc.*, 2020 WL 12309512, at *8. For the reasons set forth above,

Plaintiff's substantive state-law claims fail. Without underlying tort claims,

Plaintiff's derivative claims for punitive damages and attorneys' fees likewise fail.

*See id.* (dismissing claims for punitive damages and attorneys' fees).

Alternatively, to the extent Plaintiff's underlying state-law claims are not

dismissed, Counts Seven, Eight, and Fourteen should nonetheless be dismissed or

stricken because they are merely claims *for relief*, not stand-alone causes of action.

*See, e.g.*, *Schmidt v. C.R. Bard, Inc.*, No. 6:14-CV-62, 2014 WL 5149175, at *8 (S.D.

Ga. Oct. 14, 2014) ("It is clear . . . that a request for punitive damages is not a 'claim' within the meaning of [Federal Rule of Civil Procedure] 8(a)(2); it is only part of the relief prayed for in a claim."); *Younger v. C.M.C., SRL*, No. 8:21-CV-1807-VMC-CPT, 2021 WL 4862697, at *2 (M.D. Fla. Oct. 19, 2021) (directing plaintiff to file an amended complaint listing punitive damages request as a claim for relief, not a separate count); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1316 (11th Cir. 2004) ("[U]nder Georgia law a claim for attorney's fees could not lie independently of the tort causes of action foreclosed by the summary judgment order."). Accordingly, the Court should dismiss or strike these counts.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety. All of Plaintiff's state-law claims (Counts Three through Fourteen) are preempted by federal copyright law, and Plaintiff's Lanham Act claims (Counts One and Two) fail to plead the elements of those claims. Additionally, to the extent the Court holds that Plaintiff's state-law claims are not preempted by federal copyright law, then Counts Four and Seven through Fourteen fail as a matter of law for many other reasons. Alternatively, and at a minimum, Counts Seven through Fourteen should be stricken pursuant to Rule 12(f).

Dated: August 22, 2022.               Respectfully submitted,

*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwassers@gtlaw.com
**GREENBERG TRAURIG LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Tel: 678-553-2100
Fax: 678-553-2212

*/s/ Eva M. Spahn*
Eva M. Spahn (*Pro Hac Vice*)
Florida Bar No. 0092063
spahne@gtlaw.com
Jessica Fishfeld (*Pro Hac Vice Pending*)
Florida Bar No. 1018904
fishfeldj@gtlaw.com
**GREENBERG TRAURIG P.A.**
333 S.E. 2nd Avenue
Suite 4400
Miami, Florida 33131
Tel: 305-579-0500
Fax: 305-579-0717

***Counsel for Defendant***
***Kreyol Essence Inc.***

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

I hereby certify that the foregoing document was prepared in Times New

Roman, 14-point font, as provided by Local Rule 7.1D.

*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 22nd day of August, 2022.

Respectfully submitted,

*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser