IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MADELYNNE BOYKIN,<br>*Plaintiff*,<br><br>v.<br><br>KREYOL ESSENCE INC.<br>*Defendant*. | Civil Action No. 1:22-cv-02489-MHC |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff Madelynne Boykin ("Plaintiff") and, in response to Defendant Kreyol Essence's ("Defendant") Motion to Dismiss [ECF No. 11], states as follows.

**ARGUMENT AND CITATION OF AUTHORITY[1]**

**A.  Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain sufficient factual matter, which, if accepted as

---

[1] Plaintiff incorporates by reference the facts alleged in her Complaint [ECF No. 1].

true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

      **B.**    **<u>Plaintiff Consents to the Dismissal of the Florida State-Law Claims.</u>**

As a preliminary matter, Plaintiff concedes that the Florida state-law claims (Counts 9–14) are improperly asserted, given that she is a resident of Georgia and, therefore, felt the harm of Defendant's actions within Georgia. *See Transmax Prods., LLC v. Swartzberg*, No. 1:19-cv-03568-SDG, 2020 WL 5095370 (N.D. Ga. Aug. 28, 2020) (in cases involving federal claims and supplemental state-law claims, "the [c]ourt applies the choice of law rules of the state in which it sits"); *Bowen v. Porsche Cars, N.A., Inc.*, 561 F. Supp. 3d 1362, 1372 (N.D. Ga. 2021) (under Georgia choice-of-law rules, "tort [claims] are governed by the substantive law of the state where the tort was committed," which is "the place where the injury sustained was suffered"); *Erler v. Hasbro, Inc.*, 506 F. Supp. 3d 1275 (N.D. Ga. 2020) (a plaintiff in a tort claims is "assumedly injured in the state where he or she resides . . .."). Accordingly, Plaintiff voluntarily dismisses these Florida claims without prejudice.

## C. The Copyright Act Does Not Preempt Plaintiff's Remaining Claims

As to Plaintiff's remaining state-law claims, Defendant erroneously argues that they are preempted by the Copyright Act and must be dismissed. In order for a state-law claim to be preempted by the Copyright Act, (a) the "rights at issue [must] fall within the subject matter of copyright" and (b) the right must be "equivalent to the exclusive rights" of the Copyright Act. *Dunlap v. GL Holding, Inc.*, 381 F.3d 1285, 1293–94 (11th Cir. 2004) (quoting *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983)). Neither of these prongs is met here.

### 1. Plaintiff's Rights to Her Image and Likeness Do Not Fall within the Subject Matter of Copyright.

With respect to the first prong, the Copyright Act protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). While this includes things like books, films, and photographs, it is important to note that the Copyright Act expressly limits the extent to which its protection extends to the content of the tangible work. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is . . . embodied in such work."); *BUC Int'l Corp. v. Int'l Yacht Council*

3

*Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007) ("[I]t is well-established that [copyright] protection does not extend to any underlying facts or ideas.").

Because of these limitations, the Eleventh Circuit has determined that preemption "extends only to those elements substantively capable of receiving federal copyright protection." *Dunlap*, 381 F.3d at 1296. Put simply, an item that can never be copyrighted does not fall "within the subject matter of copyright," regardless of the medium in which it appears. *See Taylor v. Trapeze Mgmt., LLC*, No. 0:17-cv-62262-KMM, 2018 WL 9708619, at *3 (S.D. Fla. Mar. 26, 2018) ("Courts have held that a person's name or likeness is not a work of authorship within the meaning of section 102 of the Copyright Act and this is true notwithstanding the fact that Plaintiffs' names and likenesses are embodied in a copyrightable photograph.").

Courts inside and outside this circuit have extended this logic to a person's likeness, which (like an idea or concept) is not a copyrightable expression, regardless of the medium in which it is embodied, because it is not a work of authorship. *See, e.g.*, *Taylor*, 2018 WL 9708619, at *3 (collecting cases from the Fifth, Seventh, Ninth and Eleventh Circuits and California state courts); *Landham v. Lewis Galoob Toys, Inc.*, 227 F.33d 619, 623 (6th Cir. 2000) (explaining that claims based on one's

"personal identity—an inchoate 'idea' which is not amenable to copyright protection" are not preempted by the Copyright Act).[2]

In *Taylor*, the plaintiffs brought Lanham Act claims and Florida-law claims for misappropriation of likeness, civil theft, conversion, and unjust enrichment based on the defendants' use of their likenesses to advertise the defendants' business on social media and websites. *Taylor*, 2018 WL 9708619, at *2. The defendants argued the claims were preempted by the Copyright Act, but the court disagreed because "the content of the protected rights, the [plaintiffs'] images and likenesses, does not fall within the subject matter of copyright." *Id.*

Here, Plaintiff has alleged that Defendant used Plaintiff's image and likeness, without her permission, to promote its business and sell its products. As with the plaintiffs' likenesses in *Taylor*, "it is not the publication of the photograph itself as a creative work of authorship that is the basis for Plaintiff['s] claims," it is "the use of the Plaintiff['s] likeness[ ] pictured in the published photograph." *Id.* That Plaintiff's image and likeness were embodied in the Appropriated Photo does not

---

[2] *See also* 1 Nimmer on Copyright § 1.01(B)(1)(c) (1999) ("[T]he 'work' that is the subject matter of the right of publicity is the persona, *i.e.*, the name and likeness of a celebrity or other individual. A persona can hardly be said to constitute a 'writing' of an 'author' within the meaning of the copyright clause of the Constitution. *A fortiori* it is not a 'work of authorship' under the Act. Such names or likeness does not become a work of authorship simply because it is embodied in a copyrightable work such as a photograph.").

bring Plaintiff's claims under the purview of the Copyright Act, because like an idea or a concept, a person's likeness is not a work of authorship capable of being copyrighted. *See Dunlap*, 381 F.3d at 1295–96 ("[T]he assertion that an element which is not protected by copyright is included in the subject matter of copyright is completely illogical." (citation omitted)). Thus, the first prong of the preemption analysis—whether the rights at issue fall within the subject matter of the Copyright Act—stands against preemption.

### 2. Plaintiff's Claims Include an "Extra Element" Outside the Exclusive Rights of the Copyright Act.

The second prong of the preemption analysis asks whether "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display" to vindicate a state-law right. *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311–12 (11th Cir. 2001). If so, "the right does not lie within the general scope of copyright and there is no preemption." *Id.* The additional element of the state-law claim must "change the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (emphasis in original).

In this case, all of Plaintiff's state-law claims hinge on whether Defendant used her likeness. This element fundamentally exists outside the copyright infringement context because a person is entitled to exclusive use of their likeness,

6

which cannot be copyrighted. *See Bullard v. MRA Holding, LLC*, 292 Ga. 748, 752 (2013) ("[T]he interest protected in an appropriation case is . . . in the exclusive use of the plaintiff's name and likeness as an aspect of his identity." (quoting *Martin Luther King, Jr. Ctr. for Soc. Change, Inc. v. Am. Heritage Prods., Inc.*, 250 Ga. 135, 142 (1982)) (cleaned up)); *see also* 1 Nimmer on Copyright § 1.01(B)(1)(c), *supra* n.1. Thus, Plaintiff's claims are not preempted by the Copyright Act and should be permitted to proceed.

### D. The Complaint Adequately States a Claim for False Advertising under the Lanham Act

In her Complaint, Plaintiff alleges that Defendant committed false advertising in violation of the Lanham Act by using the Appropriated Photo—originally taken in 2015, six years before Plaintiff had even heard of Defendant's business—to falsely or misleadingly suggest to consumers that Plaintiff's hairstyle in the photo was achieved by using Defendant's Haitian Black Castor Oil Scalp Care Shampoo. To prevail on this claim, Plaintiff must prove that

> (1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the movant has been—or is likely to be—injured as a result of the false advertising.

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).

7

In its Motion, Defendant argues that this claim fails because Plaintiff has not pled (a) an actionable statement of fact and (b) that Plaintiff suffered damage as a result of the advertisement. Because Plaintiff has sufficiently pled the required elements for false advertising, Defendant's Motion should be denied as to this claim.

    1.    <u>Defendant's Advertisement Constitutes an "Advertisement" under the Lanham Act</u>.

Defendant contends that "Plaintiff fails to allege that Defendant made any specific statement of verifiable fact" because the Appropriated Photo appeared next to Defendant's Haitian Black Castor Oil Scalp Care Shampoo "without any accompanying text or statements at all." ECF No. 11-1 at 9–10. Defendant's reading of the Lanham Act is impermissibly narrow. The Lanham Act itself states that a qualifying advertisement can include "any word, term, name, symbol, *or* device, *or* any . . . false or misleading description of fact, *or* false or misleading representation of fact." 15 U.S.C. § 1125(a)(1) (emphasis added). To require that an actionable advertisement contain words directly contradicts the letter of the law.

Moreover, courts have routinely assessed photos and videos to determine if they constitute false advertisements. *See, e.g.*, *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1348–50 (11th Cir. 2012) (considering false advertising claim based on defendant's use of photos of plaintiff's product in client brochure); *Taylor*, 2018 WL 9708619, at *2 (false advertising claim arising from defendant's use of

8

plaintiffs' photos and likenesses in social media advertisements); *Gibson v. White's Place, LLC*, 3:16 Civ. 392-J-32JBT, 2017 WL 4169690, at *1 (M.D. Fla. Sept. 20, 2017) (same); *Lancaster v. Bottle Club*, No. 8:17-cv-634-T-33JSS, 2017 WL 3008434, at *9 (M.D. Fla. July 14, 2017) (same); *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001) (false advertising claim based on photos in catalogs and on websites). Accordingly, it is not necessary that Defendant's advertisements contain words as long as they are false or misleading.

Defendant also implies that the Appropriated Photo is "vague, subjective, hyperbolic or aspirational" and therefore "cannot form the basis for a Lanham Act claim." ECF No. 11-1 at 9 (quoting *XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*, No. 15-CV-3015 (FB) (CLP), 2017 WL 4236503, at *1 (E.D.N.Y. Sept. 28, 2017)). The facts as alleged in Plaintiff's complaint establish that a consumer could view Defendant's use of the Appropriated Photo next to a description of its Black Castor Oil Scalp Care Shampoo as depicting the results of using the product. *See* ECF No. 1 ¶¶ 6, 40, 41, 59, 61, 64. This is a specific, verifiable representation that can be factually proven or disproven, since Plaintiff either did use Defendant's product to achieve her appearance in the photo or did not. *See Intertape Polymer Corp. v. Inspired Techs., Inc.*, 725 F. Supp. 2d 1319, 1335 (M.D. Fla. 2010) (cited by Defendant (ECF No. 11-1 at 9) as requiring a false advertising claim to be

9

predicated on a "specific, measurable claim that can be reasonably interpreted as an objective fact"). Furthermore, Plaintiff has alleged that this representation is, in fact, false or at least misleading. *See* ECF No. 1 ¶¶ 6, 7, 49, 50, 60. Based on these allegations, Plaintiff's Complaint adequately pleads the existence of a false or misleading device and/or representation of fact under the Lanham Act.

### 2. Plaintiff Has Sufficiently Alleged Actual or the Likelihood of Injury Resulting from Defendant's Advertisement.

Next, Defendant argues that Plaintiff has not adequately pled injury as a result of Defendant's false advertisements. As a preliminary matter, a claim for false advertisement under the Lanham Act does not hinge on the existence of an actual injury. Rather, Plaintiff need only plead and prove that she is likely to be injured by Defendant's false advertisement. *See Johnson & Johnson*, 299 F.3d at 1247 (explaining that a false advertising claim requires proof that the plaintiff "has been— *or is likely to be*—injured as a result of the false advertising" (emphasis added)). Therefore, to the extent Defendant's Motion is based on the Complaint's lack of "facts demonstrating that Plaintiff *has been harmed* by the Defendant's alleged use of the [Appropriated] Photograph," it should be denied. EC No. 11-1 at 10 (emphasis added).

Defendant's contentions are substantively meritless, as well. Plaintiff has alleged that, in using the Appropriated Photo in its false advertisements, Defendant

10

has (a) "avoided paying [Plaintiff] a reasonable fee for her services," (b) "deprived Plaintiff of her right to control the use of her likeness," (c) "robbed he of the compensation a model of like stature can expect for such [an advertising] campaign," and (d) "has injured and is likely to injure Plaintiff's brand and reputation." ECF No. 1 ¶¶ 4, 5, 64. These allegations go above and beyond those required to be proven under the Lanham Act; Plaintiff has alleged not only that she lost payment as a result of Defendant's advertisement, but she has also alleged that her reputation has been or is likely to be injured. *See Diamond Resorts Int'l, Inc. v. Aaronson*, 371 F. Supp. 3d 1088, 1102 (M.D. Fla. 2019) (a plaintiff asserting false advertisement under the Lanham Act "must allege an injury to a commercial interest in reputation or sales" (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014))); *see also Incarcerated Entm't, LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1233 (M.D. Fla. 2017) (merely pleading "loss of goodwill" and "loss of sales" sufficient to assert injury under Lexmark, given no cited authority requiring a plaintiff to "allege in 'detail' how its goodwill was damaged or how its sales declined"). Consequently, Plaintiff has pled an actionable device or representation of fact and injury, and her false advertisement claim should proceed.

    E.    **Plaintiff Adequately States a Claim for False Endorsement under the Lanham Act**

In addition to her false advertising claim, Plaintiff also asserts a claim for false endorsement under the Lanham Act. In the Eleventh Circuit, false endorsement claims operate under the same analysis as trademark infringement claims, which requires a plaintiff to show "a likelihood of consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of goods being sold." *Webster v. Guitars*, 955 F.3d 1270, 1278 (11th Cir. 2020).

Defendant contends that this analysis also requires Plaintiff to plead and prove that she is "known by consumers in the United States" and "recognized personally on a nationwide scale such that American consumers would be confused as to Plaintiff's endorsement of [Defendant's Haitian Black Castor Oil Scalp Care] Shampoo." ECF No. 11-1 at 13–14. Defendant cites to no authority within this Circuit that directly supports this added element.

Indeed, the only Eleventh Circuit authority Defendant cites in support is a footnote in *Tana v. Dantanna's*, 611 F.3d 767 (11th Cir. 2010), which Defendant disingenuously summarizes as stating, "'The level of recognition that the plaintiff has among a segment of the society for whom the defendant's product is intended' is relevant [to the] 'likelihood-of-confusion factor' in false endorsement cases." *Id.* at 13 (quoting *Dantanna's*, 611 F.3d at 777 n.9). Defendant's attempt to shoehorn a new element into the false endorsement analysis is belied by the wording of its own

brief: Plaintiff's recognition is, if anything, merely *relevant*—but not *essential*—to her claim.

This is the point *Dantanna's* is actually making in the referenced footnote: the likelihood-of-confusion analysis considers (as merely one of seven factors) the strength of the trademark plaintiff alleges to have been infringed. In this inquiry, the level of recognition of the mark is relevant to the analysis but not essential or a substitute for likelihood of confusion. *See Dantanna's*, 611 F.3d at 776 (explaining that the strength of the plaintiff's mark is one factor in the likelihood-of-confusion analysis that "requires consideration of the mark's inherent distinctiveness," and upon a finding that the mark is "merely descriptive . . . its strength depends on whether it has acquired secondary meaning" through recognition). Defendant's argument that Plaintiff has failed to plead recognition sufficient to allege a false endorsement claim is unnecessary and unsupported by the law in this jurisdiction. It should therefore be disregarded.

  F. **Plaintiff States a Claim for Unjust Enrichment under Georgia Law**

The Complaint contains two counts asserting unjust enrichment under Georgia and Florida law, both of which Defendant seeks to dismiss. Plaintiff concedes that the Florida unjust enrichment claim should be dismissed for the reasons stated in Section B, above.

With respect to the Georgia claim, Defendant argues that Plaintiff cannot assert unjust enrichment as a separate tort claim instead of as an alternative to a breach of contract claim. In doing so, Plaintiff erroneously claims that cannot assert unjust enrichment as anything other than an alternative theory of recovery to a breach of contract claim. The Georgia Court of Appeals recently held that, "[a]lthough a plaintiff may allege a breach of contract claim and an unjust enrichment claim in the alternative, there is no requirement that he do so" since "unjust enrichment applies not only when there is a failed contract but also when there is no contract at all." *Collins v. Athens Orthopedic Clinic*, 356 Ga. App. 776, 785 (2020). Thus, the lack of an actionable contract claim does not bar Plaintiff's unjust enrichment claim.

Defendant also claims that Plaintiff's unjust enrichment claim fails because Plaintiff has an adequate remedy at law. This argument is contradicted by the Georgia Court of Appeals' decision in *Whisper Wear, Inc. v. Morgan*, in which the court determined that "damages under a misappropriation of likeness claim" is equivalent to a "claim for unjust enrichment of the defendant." 277 Ga. App. 607, 610 (2006).

Finally, Defendant argues that "Plaintiff does not allege that Defendant 'induced, accepted, or encouraged her to furnish' the [Appropriated Photo], as is required to state a claim for unjust enrichment." ECF No. 11-1 at 18–19. To the

14

contrary, Plaintiff has alleged that Defendant accepted the Appropriated Photo and used it to its benefit, despite being aware that Plaintiff anticipated payment for Defendant's use of her likeness in advertisements. These allegations sufficiently state a claim for unjust enrichment under Georgia law.

### G. Plaintiff's Attorneys' Fees and Punitive Damages Should Remain

As stated in Defendant's brief, claims for attorney's fees and punitive damages are derivative of Plaintiff's substantive claims and cannot exist in their absence. Because Plaintiff has sufficiently stated substantive claims, as explained herein, the Court should not dismiss Plaintiff's claims for attorney's fees and punitive damages.

As to Defendant's other argument that these counts should not be stated as separate claims, the Court should not dismiss them because they contain added factual content necessary to their success. In the alternative, the Court should grant Plaintiff the opportunity to amend the Complaint to adequately plead entitlement to this relief within the other claims asserted.

### H. The Court Should Grant Plaintiff Leave to Amend if It Dismisses Her Claims.

In the event the Court grants, in whole or in part, Defendant's Motion, Plaintiff requests leave to amend to cure the pleading deficiencies giving rise to the dismissal. Federal Rule of Civil Procedure 15 permits the Court to grant leave to amend "when

15

justice so requires." However, the Court may deny leave to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Given that Defendant has not yet filed an answer to Plaintiff's Complaint, it will not be prejudiced by Plaintiff's amendment. Plaintiff also has not delayed this action.

## CONCLUSION

Plaintiff's Complaint contains claims under the Lanham Act and Georgia law that are neither preempted by the Copyright Act nor insufficiently pled under Federal Rule of Civil Procedure 8. Therefore, the Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted this 6th day of September, 2022.

                                              **SPERRY IP LAW d/b/a VIVID IP**

/Tayah L. Woodard/
Tayah Woodard, Esq.
tayah@vividip.com
Marcy L. Sperry, Esq.
marcy@vividip.com
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

*Attorneys for Plaintiff*

## **LOCAL RULE 7.1 COMPLIANCE CERTIFICATE**

I hereby certify that the foregoing Response in Opposition to Defendant's Motion to Dismiss was prepared using Times New Roman 14-point font, and otherwise conforms to the requirements of Local Rule 5.1(c) and 7.1.D.

This 6th day of September, 2022.

*/s/Tayah Woodard/*
Tayah Woodard